

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-278-CR**

CELINDA ANN LEWIS                                                      APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

-----------

FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

On April 21, 2008, Appellant Celinda Ann Lewis pleaded guilty to assault-bodily injury to a family member. Pursuant to a plea bargain agreement, Lewis was sentenced to 365 days' confinement in the Parker County Jail and ordered to pay a $500 fine. The trial court suspended imposition of the jail portion of the sentence and placed Lewis on twelve months' community supervision. On

---

[1] *See* Tex. R. App. P. 47.4.

that same day, the trial court entered its certification of Lewis's right to appeal in accordance with rule 25.2(a)(2). *See* Tex. R. App. P. 25.2(a)(2). The certification states that this "is a plea-bargain case, and the defendant has NO right of appeal."

Lewis filed a notice of appeal on August 1, 2008. We notified Lewis's attorney on August 13, 2008, that the certification indicating that Lewis had no right to appeal had been filed in this court and that this appeal would be dismissed unless Lewis or any party desiring to continue the appeal filed a response on or before August 25, 2008, showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(d), 44.3. Lewis filed a response on August 28, 2008, indicating that she is attempting to appeal her claimed denial of counsel and involuntary plea.[2]

Rule 25.2(a)(2) limits the right to appeal in a plea bargain case to those matters that were raised by written motion filed and ruled on before trial or to those cases in which the appellant obtained the trial court's permission to appeal. *See* Tex. R. App. P. 25.2(a)(2)(A), (B). Although Lewis filed a response, she has not indicated that either of these exceptions apply in this case. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A

---

[2] The State concedes that Lewis's response was timely filed.

court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal. Here, appellant had no right of appeal because he was sentenced pursuant to the agreed terms of a plea bargain and did not satisfy either of the exceptions stated in Rule 25.2(a)(2).").

Therefore, in accordance with the trial court's certification that this is a plea-bargain case and that Lewis has no right to appeal, we dismiss this appeal "without further action." *See* Tex. R. App. P. 25.2(a)(2), 43.2(f); *Chavez*, 183 S.W.3d at 680.

PER CURIAM

PANEL:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 25, 2008

3